## G. H. Coody v. J. F. Harris.

Decided June 25, 1904.

**School Land—Conflicting Purchases from the State—Evidence.**

In an action of trespass to try title to school land awarded by the Land Commissioner to defendant as additional land upon an application of the same date as plaintiff's, but filed in the Land Office one day later than plaintiff's, the evidence is considered and held to require, the verdict having been for defendant, that plaintiff's motion for new trial should have been granted.

Appeal from the District Court of Knox. Tried below before Hon. H. R. Jones.

*G. B. Landrum* and *Chas. E. Coombs,* for appellant.

*W. W. Moore* and *L. W. Dalton,* for appellee.

SPEER, Associate Justice.—This is the ordinary school land case involving fractional section 148, in block 44, H. & T. C. R. R. Co. land in Knox County. The trial resulted in a verdict and judgment for appellee, who was the defendant below.

There is but one assignment of error in the record, and that complains that the trial court erred in overruling the plaintiff's motion for a new trial because the verdict of the jury is contrary to the law and the evidence, and in which practically all of the evidence is set out. The sole issue of fact presented to us by the assignment is the sufficiency of the evidence to support the verdict and judgment, to the effect that appellee's application to purchase the land reached the hands of the Commissioner of the General Land Office prior to that of appellant, this being the only question submitted to the jury upon the trial below. Upon this, which is agreed to be the only issue, the following facts were proved upon the trial:

"1. Plaintiff introduced in evidence certified copy from the General Land Office of his, G. H. Coody's, application and obligation to purchase as additional land to his home tract (section 166, block 44, H. & T. C. Ry. Co.) section 148 in block 44, H. & T. C. Ry. Co., as dry grazing land, at $1 per acre, containing 350.7 acres, dated April 17, 1900, and marked rejected by the Commissioner of the General Land Office May 23, 1900, same being in due and regular form No. 68476.

"2. Plaintiff introduced in evidence certified copy from the General Land Office of his, G. H. Coody's, application and obligation to purchase as additional land to his home tract (section 166 in block 44, H. & T. C. R. R. Co.), section No. 4 in block 3, D. & W. R. R. Co., as dry grazing land, at $1 per acre. Said application and obligation being in due and regular form and dated April 17, 1900, and marked filed in the General Land Office April 20, 1900, No. 68073.

"3. Plaintiff introduced in evidence certified copy from the General Land Office of the application and obligation of defendant J. F. Harris

36 Civ.—30

to purchase section 148 in block 44, H. & T. C. R. R. Co., 350.7 acres, as dry grazing land, at $1 per acre, dated April 16, 1900, file mark showing filed in General Land Office April 21, 1900, and marked awarded April 23, 1900, No. 68144. Said application and obligation being in due and regular form.

"4. Plaintiff introduced in evidence the following certificate of tender, to wit: 'I, Jno. W. Robbins, Treasurer of the State of Texas, do hereby certify that the records of this office show that on April 20, 1900, Jas. A. Stephens, of Benjamin, Texas, deposited with this office the sum of $8.78 to the credit of G. H. Coody as first payment on section 148, block 44, H. & T. C. Ry. Co., Knox County, and that said money was returned to Mr. Stephens on June 4, 1900, as per notice of rejection of application for said land upon which said money was deposited from the Commissioner of the General Land Office to this office. In testimony whereof witness my hand and official seal, given at Austin, Texas, this the 4th day of April, 1903. [Seal] (Signed) Jno. W. Robbins, Treasurer, by R. C. Roberdeau, Chief Clerk.'

"5. Plaintiff introduced in evidence the award card to G. H. Coody to section 4, block 3, D. & W. Ry. Co., from the General Land Office, dating sale from April 20, 1900.

"6. G. H. Coody, being duly sworn for himself, testified as follows: 'My name is G. H. Coody. I am plaintiff in this case. I made application to purchase section 148 in block 44, H. & T. C. Ry. Co., and section 4, block 3, D. & W. Ry. Co., on April 17, 1900, as additional land to my home tract, section 166 in block 44, H. & T. C. Ry. Co., in Benjamin, Knox County, Texas. Section 166 contains 191 acres, and was all of the land I owned at the time. I made application for section 148 and swore to same before J. A. Stephens, notary public of Knox County, on the afternoon of April 17, 1900. Afterwards the same day I made application for section 4 in block 3, D. & W. Ry. Co., and swore to same before George McMillen, county clerk of Knox County. I did not make application before Stephens for this section because he told me he was interested in trying to procure the land for an adverse party. This was on Tuesday, April 17, 1900, and the mail having departed for Seymour, I at once left for that point and mailed my applications on the morning of the 18th of April, 1900, at Seymour, Texas. I had two envelopes, one addressed to Chas. Rogan, Commissioner, at Austin, Texas, and the other to Jno. W. Robbins, State Treasurer, at Austin, Texas. I put both of my said applications in the envelope addressed to Chas. Rogan and my first payments in the envelope addressed to Jno. W. Robbins. I stamped each and procured a special delivery stamp and placed it on the envelope addressed to Chas. Rogan and handed both to the postmaster and saw him put them into the mail pouch. I only mailed the two letters at that time. My application for section 148 was afterwards returned to me for the notary's seal who swore me thereto by the General Land Commissioner, and I had the seal put on it and returned it to the Land Office.'

"7. Plaintiff then read in evidence the following: 'April 23, 1900. Mr. G. H. Coody, Benjamin, Texas.—Dear Sir: Please find herein returned your application to purchase lands, section 148, block 44, cert. 30-2410, H. & T. C. Ry. Co., in Knox County, for the official seal of notary public. When this is done, return and we will take action thereon in its due course. Very respectfully, Charles Rogan, Commissioner, by Ragland. General Land Office, Austin, Texas, November 2, 1901. I, Charles Rogan, Commissioner of the General Land Office of the State of Texas, do hereby certify that the above and foregoing is a true and correct copy of the imprint of a letter as appears on page 209 letter book No. Vol. 588, which said volume is kept as an archive of this office. In testimony whereof I hereunto set my hand and affix the impress of the seal of said office the date last above written. [Seal] (Signed) Charles Rogan, Commissioner General Land Office.'

"Plaintiff then rested and defendant introduced in evidence: (1) Certified copy of his, J. F. Harris', application and obligation to purchase as an actual settler section 148, block 44, H. & T. C. Ry. Co., 350.7 acres, as dry grazing land, at $1 per acre, dated April 16, 1900, marked filed in the General Land Office April 21, 1900, No. 68144, and marked awarded April 23, 1900. (2) Defendant introduced award card to him, J. F. Harris, to section 148, block 44, H. & T. C. R. R. Co., showing sale dated to him April 23, 1900. (3) J. F. Harris, being duly sworn, testified in substance as follows: 'I made my application to purchase the land in controversy on the 16th day of April, between 9 and 11 o'clock in the morning. McMillan made the application for me, put it in an envelope, addressed it and handed it to me to take to the postoffice, and I sent the money the same day to the State Treasurer; he addressed both envelopes and I put them in the postoffice.' Cross-examination: 'That was on Monday, and I suppose it left the next day; the mail left Tuesday after I mailed it, and I supposed it would reach Seymour that night. Yes, I guess it left Seymour on the morning of the 18th, and leave there for Austin and in due course of mail they would.' (4) Defendant here introduced in evidence certificate of Jno. W. Robbins, State Treasurer, of date April 20, 1900, showing payments of $8.76, credited to J. F. Harris, as first payment on said J. F. Harris' application to purchase section 148, cert. 30-2410, H. & T. C. R. R. Co."

We can not avoid the conclusion that this assignment should be sustained. The verdict is undoubtedly against the great preponderance of the testimony, and is therefore not supported by it. We are not prepared, however, to say that upon these facts the trial judge should have instructed a verdict for appellant, and we will not therefore render the cause here in his favor, but will remand it for another trial.

*Reversed and remanded.*